UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD HAYSE,

            Plaintiff,

v.

CITY OF MELVINDALE, a political
subdivision of the State; MELVINDALE
CITY COUNCIL, a legislative body of the
City of Melvindale, NICOLE BARNES,
WHEELER MARSEE, MICHELLE SAID
LAND, DAVE CYBULSKI, CARL LOUVET,
and STEVEN DENSMORE, individuals, sued
in their official and personal capacities,

           Defendants.
_____/

Civil Case No. 17-13294
Honorable Linda V. Parker

## OPINION AND ORDER DENYING DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER TO MODIFY PLAINTIFF'S SUBPOENAS FOR DEPOSITIONS OF DEFENDANTS (ECF NO. 28)

Plaintiff Chad Hayse initiated this lawsuit against Defendants (1) City of Melvindale, (2) Melvindale City Council, (3) Nicole Barnes, (4) Wheeler Marsee, (5) Michelle Said Land, (6) Dave Cybulski, (7) Carl Louvet, and (8) Steven Densmore for allegedly failing to provide Plaintiff with procedural due process under 42 U.S.C. § 1983 when Defendants terminated Plaintiff's employment.

Presently before the Court is Defendants' Emergency Motion for Protective Order to Modify Plaintiff's Subpoenas for Depositions of Defendants, filed

January 26, 2018. (ECF No. 28). Plaintiff filed a response on January 29, 2018. (ECF No. 30.) For the reasons that follow, the Court denies Defendants' motion.

I.  **Relevant Procedural Background**

Plaintiff filed this action on October 6, 2017, alleging deprivation of procedural due process pursuant to 42 U.S.C. § 1983. On November 30, 2017, Defendants' counsel sent a Notice of Deposition for Plaintiff to appear for a deposition at Plaintiff's counsel's office on a mutually agreeable date. (ECF No. 28 at Pg ID 269-70.) On December 7, 2017, Plaintiff's counsel sent a Notice of Deposition to Defendants for depositions to take place at her office within the first two weeks of February. (*Id*. at Pg ID 270.)

On December 15, 2017, Defendants' counsel contacted Plaintiff's counsel to have Defendants' depositions take place at either Defendants' counsel's office located in Ferndale or at the Theodore Levin United States District courthouse in downtown Detroit. According to Defendants, those locations are closer and more convenient than Plaintiff's counsel's office located in Bloomfield Hills. (*Id*. at Pg ID 270-71.) Plaintiff's counsel declined changing the location of the depositions, stating her office was more convenient because it is where her servers, staff, and case files are located.

Because of the continued dispute over the location of the depositions, Plaintiff's counsel personally served the individual Defendants with subpoenas to

2

appear for the depositions. Defendants Land Said and Densmore contacted Plaintiff's counsel on January 8, 2018 and stated they would appear at her office for their scheduled depositions on February 13 and February 19. (*Id*. at Pg ID 457-58.) Defendant Nicole Barnes' deposition was scheduled for February 5, 2018, and Defendant Wheeler Marsee's deposition was scheduled for February 8, 2018. The remaining Defendants depositions have not occurred but are scheduled to occur on February 13, 15, and 19.

## II. Legal Standard

Federal Rule of Procedure 26(c) allows the court to issue protective orders for good cause shown to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had or that the disclosure or discovery be limited to certain matters." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order has the burden of showing that good cause exists for the order. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). To show good cause, the movant must articulate specific facts showing "clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.* (citations and internal quotation marks omitted).

## III. Analysis

Defendants failed to establish that good cause requires protecting Defendants from the depositions scheduled to be held at Plaintiff's counsel's office. "If the deponent is a party, then the discovering party may set the place for the deposition wherever [she] wishes subject to the power of the court to grant a protective order under Rule 26(c) designating a different place." *Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co.*, 136 F.R.D. 385, 391 (E.D. Pa. 1991); *see also Powerhouse Licensing, LLC v. CheckFree Servs. Corp.,* No. 12-cv-13534, 2013 U.S. Dist. LEXIS 155285, at * 3-5 (E.D. Mich. Oct. 20, 2013); *Dempsey v. Bucknell Univ.*, No. 4:11-cv-1679, 2013 U.S. Dist. LEXIS 135199, at *14 (M.D. Pa. Sept. 23, 2013). The Court has discretion to determine the place as well as order the opposing party to pay the expenses. *See Trans Pacific*, 136 F.R.D. at 393.

While it is clear that counsel for both parties have a contentious relationship, Defendants' counsel has not provided facts that demonstrate "serious injury" to Defendants to prevent the depositions from occurring at Plaintiff's chosen location. Furthermore, two of the six Defendants have agreed to appear for depositions at Plaintiff's counsel's office. Plaintiff's counsel's office is not a substantial distance from where Defendants' counsel prefers the depositions to take place, and, is

therefore, not an inconvenience to Defendants. Plaintiff's counsel has also indicated that she will pay Defendants' mileage.

Therefore, Defendants' depositions shall take place at Plaintiff's counsel's office in Bloomfield Hills.

**IV.  Conclusion**

Accordingly, the Court denies Defendants' Emergency Motion for Protective Order to Modify Plaintiff's Subpoenas for Depositions of Defendants (ECF No. 28).

**IT IS ORDERED** that Defendants' Emergency Motion for Protective Order to Modify Plaintiff's Subpoenas for Depositions of Defendants (ECF No. 28) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' depositions shall take place at Plaintiff's counsel's office in Bloomfield Hills;

**IT IS FURTHER ORDERED** that the Court declines to award Plaintiff's attorney's fees.

**SO ORDERED**.

Dated:  February 12, 2018      s/Linda V. Parker
                               U.S. District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 12, 2018, by electronic and/or ordinary mail.

            s/Julie Owens acting in the absence of Richard Loury
            Case Manager