# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHAD HAYSE

          Plaintiff,

v.

CITY OF MELVINDALE, a political Subdivision of the State; MELVINDALE CITY COUNCIL, a legislative body of the City of Melvindale, NICOLE BARNES, WHEELER MARSEE, MICHELLE SAID LAND, DAVE CYBULSKI, CARL LOUVET, and STEVEN DENSMORE, individuals, sued in their official and personal capacities

          Defendants.

Case No. 4:17-cv-13294-LVP-EAS
Hon.  Linda V. Parker
Mag. Elizabeth A. Stafford

**DEFENDANTS' EMERGENCY MOTION TO ENFORCE PROTECTIVE ORDER, SANCTIONS AGAINST PLAINTIFF FOR VIOLATION OF PROTECTIVE ORDER AND FAILURE TO COMPLY WITH COURT RULES, AND CEASE AND DESIST FROM CONTINUED VIOLATION**

---

DEBORAH GORDON LAW
Deborah L. Gordon (P27058)
Benjamin I. Shipper (P77558)
Irina L. Vaynerman (P396759)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy, Ste. 220
Bloomfield Hills, MI 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
bshipper@deborahgordonlaw.com
ivaynerman@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

FOLEY & MANSFIELD, PLLP
Gregory M. Meihn (P38939)
Melinda Balian (P55744)
John S. Gilliam (P81421)
Attorneys for Defendants
130 E. Nine Mile Road
Ferndale, MI 48220
(248) 721-8161; Fax: (248) 721-4201
gmeihn@foleymansfield.com
mbalian@foleymansfield.com

Lawrence J. Coogan (P42433)
Co-Counsel for Defendants
4146 Oakwood Blvd.,
Melvindale, MI 48122
(313) 381-0044
lawrencejcooganlaw@yahoo.com

---

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

## DEFENDANTS' EMERGENCY MOTION TO ENFORCE PROTECTIVE ORDER, SANCTIONS AGAINST PLAINTIFF FOR VIOLATION OF PROTECTIVE ORDER AND FAILURE TO COMPLY WITH COURT RULES, AND CEASE AND DESIST FROM CONTINUED VIOLATION

DEFENDANTS, by their attorneys, Foley & Mansfield, PLLP, file this Emergency Motion to Enforce Protective Order, Sanctions Against Plaintiff for Violation of Protective Order and Failure to Comply with Court Rules, and Cease and Desist from Continue Violation, pursuant to Fed. R. Civ. P. 37, and state as follows:

Pursuant to E.D. Mich. LR 7.1(a), the undersigned counsel certifies that counsel communicated with Plaintiff's counsel in writing on June 13, 2018 and via telephone on June 21, 2018, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief requested.  Plaintiff's counsel refused to agree to the relief requested herein.  **In fact, Plaintiff's counsel admitted that the documents regarding John Allen's deposition as cited by the Detroit Free Press reporter were not on PACER at the time the article was published.**

1.     On January 30, 2018, this Court entered a Stipulated Confidentiality Protective Order (Doc # 31)**.**

2.     Pursuant to the Stipulated Confidentiality Protective Order, all confidential Discovery Material produced, or depositions taken in discovery in the

Litigation, shall be used solely for purposes of the Litigation and for no other purpose (Doc # 31, p 2).

3.      Additionally, deposition testimony and the transcripts and exhibits thereof shall be deemed confidential pursuant to the terms of the stipulated protective order without having to orally indicate such on the record (Doc # 31, p 3).

4.      On May 8, 2018, Plaintiff's counsel filed *Michael Welch v. City of Melvindale, et al.,* case number 2:18-cv-11450-LJM-MKM, in the United States District Court for the Eastern District of Michigan, Southern Division (hereinafter "Welch Litigation"). **Exhibit 1**.

5.      On June 1, 2018, Plaintiff's counsel, on behalf of Michael Welch, filed a Motion for Preliminary Injunction in the Welch Litigation. **Exhibit 2**.

6.      The motion contains thirty-one exhibits, of which ten are deposition transcripts from this litigation, in clear violation of the Stipulated Confidentiality Protective Order. *See* **Exhibit 2**, **Index of Exhibits, Exhibits A, B, C, E, F, J, L, M, R and Z**.

7.      Plaintiff's counsel attached confidential personnel and investigation documents relating to Officer Furman regarding a suspension from March of 2016 for not arresting a women for refusing to exit her vehicle.  *See* **Exhibit 2, listed Exhibit N.**  The personnel and investigation documents are discovery documents

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

produced in this Litigation, as no discovery had taken place in the Welch Litigation by June 1, 2018.  As such, Plaintiff's counsel has provided confidential discovery materials to non-party, Michael Welch, in violation of the Protective Order.

8.     Plaintiff's counsel never sought concurrence in using the transcripts or other confidential documents as exhibits in the Welch Litigation, nor has Plaintiff's counsel sought that the documents not be marked "confidential" pursuant to Paragraph 7 of the Protective Order.

9.     Plaintiff's counsel has no justifiable excuse for this blatant violation of the Stipulated Confidentiality Protective Order.

10.     On June 20, 2018, Police Chief John Allen received a phone call from Detroit Free Press reporter Tresa Baldas, who had questions about Matthew Furman for an upcoming news article.  Ms. Baldas told Chief Allen that attorney Deborah Gordon had provided her with deposition transcripts of Chief Allen and Matthew Furman.  Ms. Baldas read excepts of Chief Allen's deposition testimony to him over the phone.

11.     On June 20, 2018, Defense counsel, Melinda Balian, contacted Tresa Baldas to discuss how Ms. Baldas had obtained deposition transcripts despite this Court's entry of a Protective Order explicitly protecting deposition transcripts as confidential.   Despite  earlier  telling  Chief  Allen  that  she  had  obtained  the

4

deposition transcripts from attorney Deborah Gordon, Ms. Baldas represented that she downloaded the transcripts from PACER.

12.    On June 21, 2018, the Detroit Free Press published an article written by Tresa Baldas that contained multiple references to confidential discovery materials, including quoted deposition testimony of Matthew Furman and John Allen, as well as disciplinary information of Matthew Furman that was produced as CONFIDENTIAL or discussed during his deposition.

13.    During Plaintiff's continued deposition on June 21, 2018, defense counsel asked Plaintiff whether he has provided confidential discovery materials to any individual outside of this litigation.  Plaintiff's counsel refused to allow her client to answer the question, despite asserting no claim of privilege.

14.    Plaintiff and Plaintiff's counsel have repeatedly violated the Protective Order entered in this case, and sanctions and other relief are warranted.

15.    Further, Plaintiff's counsel is improperly utilizing discovery methods in this litigation in order to obtain early discovery on issues not relevant to this litigation but rather relevant to the Welch Litigation.

16.    Plaintiff's counsel has made improper contact with supervisory employees of Defendants in violation of Michigan Rules of Professional Conduct Rule 4.2

17. Plaintiff's counsel has violated Fed. R. Civ. P. 45(a)(4) by failing to provide defense counsel with notice of subpoena as required by the rule.

18. Finally, Plaintiff's counsel has failed to comply with Michigan Rules of Professional Conduct Rule 6.5 by failing to treat defense counsel with courtesy and respect by failing to provide notice of cancellation of a deposition scheduled for the Tuesday following Memorial Day Weekend.

WHEREFORE, Defendants respectfully request this Honorable Court grant their Emergency Motion to Enforce Protective Order, Sanctions Against Plaintiff for Violation of Protective Order and Failure to Comply with Court Rules, and Cease and Desist from Continued Violation.

By: /s/ *Melinda A. Balian*
**FOLEY & MANSFIELD, PLLP**
Gregory M. Meihn (P38939)
Melinda Balian (P55744)
John S. Gilliam (P81421)
130 East Nine Mile Road
Ferndale, MI 48220
(248) 721-4200
mbalian@foleymansfield.com
P55744

Dated: June 21, 2018

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

6

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CHAD HAYSE

      Plaintiff,

v.

CITY OF MELVINDALE, a political
Subdivision of the State;
MELVINDALE CITY COUNCIL, a
legislative body of the City of
Melvindale, NICOLE BARNES,
WHEELER MARSEE, MICHELLE
SAID LAND, DAVE CYBULSKI,
CARL LOUVET, and STEVEN
DENSMORE, individuals, sued in
their official and personal capacities

      Defendants.

Case No. 17-cv-13294-LVP-EAS
Hon.  Linda V. Parker
Mag. Elizabeth A. Stafford

**BRIEF IN SUPPORT OF
DEFENDANTS' EMERGENCY
MOTION TO ENFORCE
PROTECTIVE ORDER,
SANCTIONS AGAINST
PLAINTIFF FOR VIOLATION OF
PROTECTIVE ORDER AND
FAILURE TO COMPLY WITH
COURT RULES, AND CEASE
AND DESIST FROM
CONTINUED VIOLATION**

---

DEBORAH GORDON LAW
Deborah L. Gordon (P27058)
Benjamin I. Shipper (P77558)
Irina L. Vaynerman (0396759)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Ste 220
Bloomfield Hills, MI 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
bshipper@deborahgordonlaw.com
ivaynerman@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

FOLEY & MANSFIELD, PLLP
Gregory M. Meihn (P38939)
Melinda Balian (P55744)
John S. Gilliam (P81421)
Attorneys for Defendants
130 E. Nine Mile Road
Ferndale, MI 48220
(248) 721-8161
gmeihn@foleymansfield.com
mbalian@foleymansfield.com

Lawrence J. Coogan (P42433)
Co-Counsel for Defendants
4146 Oakwood Blvd.,
Melvindale, MI 48122
(313) 381-0044
lawrencejcooganlaw@yahoo.com

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI  48220

# <u>TABLE OF CONTENTS</u>

Index of Authorities ............................................................................... ii

Statement of Issues Presented ............................................................... iii

Controlling Authority ............................................................................ iv

Introduction ........................................................................................... 1

Standard.................................................................................................. 2

Facts ....................................................................................................... 4

    A.    Violation of Stipulated Confidentiality Protective Order .................. 4

    B.    Violation of Rules of Discovery and Rules of Ethics ........................ 7

Argument................................................................................................ 8

    A.    Violation of Stipulated Confidentiality Protective Order .................. 8

    B.    Improper Use of Discovery Rules by Plaintiff by Attempting to Use This Litigation to Obtain  Early Discovery in Welch Litigation ...... 14

    C.    Plaintiff's Failure to Provide Prior Notice of May 16 Martha McDaniel Subpoena .......................................................... 16

    D.    Plaintiff's Counsel's Multiple Violations of the Michigan Rules of Professional Conduct........................................................ 17

Conclusion ........................................................................................... 19

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

# INDEX OF AUTHORITIES

**CASES**

*Bass v. Jostens, Inc.* 71 F.3d 237, 241 (6th Cir.1995). .............................................3

*Coleman v. American Red Cross,* 979 F.2d 1135, 1140 (6th Cir.1992)...................4

*Harmon v. CSX Transportation,* 110 F.3d 364, 366–67 (6th Cir.1997)...................3

*Societe Internationale Pour Participatons Industrielles et. Commerciales, S.A. v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) ............................2

*The Proctor & Gamble Co. v. Haugen,* 427 F.3d 727 (10th Cir.2005)....................3

## RULES

Fed. R. Civ. P. 26(a)(1)...........................................................................................4

Fed. R. Civ. P. 26(g) ..............................................................................................4

Fed. R. Civ. P. 37(b)(2)(A)(ii) .............................................................................3, 4

Fed. R. Civ. P. 45(a)(4).........................................................................................3

Michigan Rules of Professional Conduct 4.2 .........................................................5

Michigan Rules of Professional Conduct 6.5 .........................................................5

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.      Should the Court sanction Plaintiff and Plaintiff's counsel for violations of the Stipulated Confidentiality Protective Order and Federal Rules of Civil Procedure?

a.      Defendants answer "yes".

b.      Plaintiff answers, "no".

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

## <u>CONTROLLING AUTHORITY</u>

**CASES**

*Bass v. Jostens, Inc.* 71 F.3d 237 (6th Cir.1995).

*Coleman v. American Red Cross,* 979 F.2d 1135 (6th Cir.1992)

*Harmon v. CSX Transportation,* 110 F.3d 364 (6th Cir.1997)

*Societe Internationale Pour Participatons Industrielles et. Commerciales, S.A. v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958)

## <u>RULES</u>

Fed. R. Civ. P. 26(a)(1)

Fed. R. Civ. P. 26(g)

Fed. R. Civ. P. 37(b)(2)(A)(ii)

Fed. R. Civ. P. 45(a)(4)

Michigan Rules of Professional Conduct 4.2

Michigan Rules of Professional Conduct 6.5

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

## **INTRODUCTION**

Defendants seek the Court's intervention for assistance with compliance with the Court's Orders and Plaintiff's compliance with the Federal Rules of Civil Procedure. Although counsel for defense has attempted to communicate with counsel on our mutual ethical obligations and desire to do so in a professional manner, there is continued resistance which has now resulted in clear and intentional violations of a stipulated Protective Order.

In short, Plaintiff and Plaintiff's counsel have intentionally violated the Stipulated Confidentiality Protective Order by disclosing confidential discovery materials from this litigation for use by Plaintiff's counsel in a separate lawsuit she filed on behalf of Melvindale Police Officer, Michael Welch. Even more outrageous is the fact that Plaintiff's counsel recently shared confidential discovery materials from this litigation with a reporter from the Detroit Free Press, who included excerpts of deposition transcripts in an article that was published in the Detroit Free Press on June 21, 2018. Plaintiff's counsel cannot honestly dispute that she violated the Protective Order in this matter on multiple occasions. This egregious conduct is extremely prejudicial to Defendants and disrespectful to the Court, Defendants, and defense counsel. Due to Plaintiff and Plaintiff's counsel's blatant and continued violations of the Protective Order, sanctions are appropriate and necessary to preclude further misconduct by Plaintiff and Plaintiff's counsel.

1

**STANDARD**

Federal Rules of Civil Procedure provide for sanctions for violation of discovery rules.   Rule 16 provides that a court may issue any just orders including those authorized in Fed. R. Civ. P. Rule 37 if a party or his attorney fails to obey orders of the court.   Federal courts also have inherent power to protect their jurisdiction and enforce their orders and judgments. *See, Societe Internationale Pour Participatons Industrielles et. Commerciales, S.A. v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), *Advisory Notes FRCP Rule 16* (2010). The contempt jurisdiction of the magistrate judge in a case such as this, where the parties have not consented to the jurisdiction of the Magistrate Judge and the contempt has not occurred in the presence of the court, is limited to a recommendation to hold the offender in contempt. 28 U.S.C. § 636(4), (6). However, other sanctions may be imposed by this court. *Id.*

Under Fed. R. Civ. P Rule 37, the court is afforded discretion with respect to selection of an appropriate sanction. *Bass v. Jostens, Inc.* 71 F.3d 237, 241 (6th Cir.1995). Dismissal with prejudice represents an extreme sanction and is appropriate in cases of willfulness, bad faith, or some fault on the part of the party sanctioned. *The Proctor & Gamble Co. v. Haugen,* 427 F.3d 727 (10th Cir.2005). As this circuit has noted, in evaluating appropriate sanctions, a court should consider four factors: (1) whether the failure is due to willfulness, bad faith, or

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

2

fault; (2) whether the adversary was prejudiced; (3) whether the party was warned; and (4) whether less drastic sanctions were imposed or considered. See, *Harmon v. CSX Transportation,* 110 F.3d 364, 366–67 (6th Cir.1997) (internal quotations omitted).

Fed. R. Civ. P. 37(b) provides for sanctions for failure to comply with a court order.  A party may be sanctioned under Fed. R. Civ. P. 37(b)(2)(A) for violation of a protective order.  *Coleman v. American Red Cross,* 979 F.2d 1135, 1140 (6th Cir.1992).

Fed. R. Civ. P. 26(b)(1) permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.

Fed. R. Civ. P. 26(d)(1) prohibits a party from seeking discovery from any source before the parties have conferred as required by Rule 26(f), with few exceptions.  Under Rule 26(d)(2), a party may serve early Rule 34 requests more than 21 days after the summons and complaint are served on a party.

Fed. R. Civ. P. 34 permits a party to serve a request, within the scope of Rule 26(b), to produce items in the party's possession, custody, or control.

Fed. R. Civ. P. 45(a)(4) requires notice to other parties before service of a subpoena.  If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial,

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

3

then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

Under Michigan Rules of Professional Conduct Rule 4.2, a lawyer shall not communicate about the subject of the representation with a person whom the lawyer knows to be represented in the matter by another lawyer.  In the case of an organization, this rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization.

Per Michigan Rules of Professional Conduct Rule 6.5(a), a lawyer shall treat with courtesy and respect all persons involved in the legal process.

## FACTS

### A. Violation of Stipulated Confidentiality Protective Order

On January 25, 2018, the parties had a status conference with Judge Parker during which counsel for Defendants expressed the need for a protective order, specifically citing that Plaintiff and Plaintiff's counsel had already alerted the press and she wanted to avoid confidential material from being shared outside this litigation.  Thereafter, the Court the parties to submit a proposed protective order as shown by the Minute Entry on January 25, 2018.

On January 30, 2018, this Court entered a Stipulated Confidentiality Protective Order (Doc # 31)(hereinafter "Protective Order").  Pursuant to the

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

4

Protective Order, "all confidential Discovery Material produced [meaning that marked "confidential" by a party], or depositions taken in discovery in this Litigation, shall be used solely for purposes of the Litigation and for no other purpose" (Doc # 31, p. 2).   Additionally, deposition testimony and the transcripts and exhibits thereof shall be deemed confidential pursuant to the terms of the stipulated protective order without having to orally indicate such on the record (Doc # 31, p. 3).

On May 8, 2018, Plaintiff's counsel filed *Michael Welch v. City of Melvindale, et al.,* case number 2:18-cv-11450-LJM-MKM, in the United States District Court for the Eastern District of Michigan, Southern Division (hereinafter "Welch Litigation"). **Exhibit 1**.   Mr. Welch alleges that he was retaliated against for testifying at a deposition on March 28, 2018 in this litigation.   On June 1, 2018, Plaintiff's counsel, on behalf of Michael Welch, filed a Motion for Preliminary Injunction in that case. **Exhibit 2**.   The motion contains thirty-one (31) exhibits, of which ten (10) are deposition transcripts from this Litigation, in clear violation of the Protective Order.   *See* **Exhibit 2**, **Index of Exhibits, Exhibits A, B, C, E, F, J, L, M, R and Z**.

Further, Plaintiff attached confidential personnel/investigation documents, marked "confidential", relating to Officer Furman regarding a suspension from March of 2016 for not arresting a woman for refusing to exit her vehicle.   *See*

5

**Exhibit 2, listed Exhibit N**[1].  The personnel and investigation documents attached by Plaintiff's counsel are discovery documents produced in this Litigation, as no discovery had taken place in the Welch Litigation by June 1, 2018.   As such, Plaintiff's counsel has provided confidential discovery materials to non-party, Michael Welch, in violation of the Protective Order.   Plaintiff's counsel never sought concurrence in using the transcripts or confidential documents as exhibits in the Welch Litigation, nor has Plaintiff's counsel sought the documents not be marked "confidential" pursuant to Paragraph 7 of the Protective Order.

On June 20, 2018, Police Chief John Allen received a phone call from Detroit Free Press reporter Tresa Baldas.  Ms. Baldas stated that attorney Deborah Gordon provided her with transcripts from the depositions of Matthew Furman and John Allen in this litigation.   Ms. Baldas wanted to ask Chief Allen questions regarding Matthew Furman for an upcoming news article.   During the phone call, Ms. Baldas read excerpts over the phone to Chief Allen from his deposition transcript. **Exhibit 3.**

On June 20, 2018, in response to Ms. Baldas' call to Chief Allen, Defense counsel, Melinda Balian, contacted Ms. Baldas to determine how Ms. Baldas had

---

[1] Defendants have not attached the referenced exhibits used by Plaintiff's counsel in the Welch Litigation Motion for Preliminary Injunction; however, Defendants will make them available to the Court for viewing at the hearing so that the Court is aware of the "confidential" stamp referenced herein.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI  48220

obtained deposition transcripts despite this Court's entry of a Protective Order explicitly protecting deposition transcripts as confidential.  Despite earlier telling Chief Allen that she had obtained the deposition transcripts from attorney Deborah Gordon, Ms. Baldas represented that she downloaded the transcripts from PACER. **Exhibit 4**.

On June 21, 2018, the Detroit Free Press published an article by Tresa Baldas that contains numerous quotes from testimony of Matthew Furman and John Allen. **Exhibit 5.**  Additionally, the article contains reference to confidential discovery materials, namely the confidential disciplinary records of Matthew Furman for an incident involving Cecilia Wielichowski, Bates documents 001445-001446 which were produced on January 30, 2018 and are clearly marked CONFIDENTIAL on the bottom of each page.

**B.  Violation of Rules of Discovery and Rules of Ethics**

On May 16, 2018, Plaintiff served Martha McDaniel personally with a subpoena for documents pertaining to Michael Welch's claims, including recordings, minutes and agendas from meetings of the Melvindale Public Safety Commission between March 28, 2018 and the present.  **Exhibit 6**.  Plaintiff did not provide notice to Defendants of his intent to serve this subpoena, and Defense counsel did not receive a copy of the subpoena until May 18, 2018, as noted by the receipt stamp on the document.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

7

The deposition of Officer Allen Lash was scheduled to occur on Tuesday, May 29, 2018, the day after Memorial Day weekend. On Friday, May 25, 2018, when defense counsel contacted Officer Lash to discuss his upcoming deposition, Officer Lash confirmed Plaintiff's counsel contacted him a couple of days earlier and advised that his deposition was cancelled. When defense counsel contacted Plaintiff's counsel to request confirmation of the deposition of Officer Lash, Plaintiff's counsel, Ms. Taylor, responded, "Lash's dep has been cancelled, and he has been notified." **Exhibit 7.** Defense counsel responded by requesting the date Officer Lash was notified of the cancellation and asking why defense counsel was not notified. **Exhibit 8**. Plaintiff's counsel never responded to the email.

## ARGUMENT

### A. Violation of Stipulated Confidentiality Protective Order

On January 30, 2018, this Court entered a Stipulated Confidentiality Protective Order (Doc # 31)(hereinafter "Protective Order")**.** Pursuant to the Protective Order, "all confidential Discovery Material produced [meaning that marked "confidential" by a party], or depositions taken in discovery in this Litigation, shall be used solely for purposes of the Litigation and for no other purpose" (Doc # 31, p. 2). Additionally, deposition testimony and the transcripts and exhibits thereof shall be deemed confidential pursuant to the terms of the

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

stipulated protective order without having to orally indicate such on the record (Doc # 31, p. 3).

On May 8, 2018, Plaintiff's counsel filed *Michael Welch v. City of Melvindale, et al.,* case number 2:18-cv-11450-LJM-MKM, in the United States District Court for the Eastern District of Michigan, Southern Division (hereinafter "Welch Litigation"). **Exhibit 1**.  Mr. Welch alleges that he was retaliated against for testifying at a deposition on March 28, 2018 in this litigation.  On June 1, 2018, Plaintiff's counsel, on behalf of Michael Welch, filed a Motion for Preliminary Injunction in that case. **Exhibit 2**.  The motion contains thirty-one (31) exhibits, of which ten (10) are deposition transcripts from this Litigation, in clear violation of the Protective Order.  *See* **Exhibit 2**, **Index of Exhibits, Exhibits A, B, C, E, F, J, L, M, R and Z**.  Plaintiff's counsel has no justifiable excuse for this blatant violation of the Protective Order.

Further, Plaintiff attached confidential personnel/investigation documents relating to Officer Furman, marked "confidential",  regarding a suspension from March of 2016 for not arresting a woman for refusing to exit her vehicle.  *See* **Exhibit 2, listed Exhibit N**[2].  Again, Plaintiff's counsel has no justifiable excuse

---

[2] Defendants have not attached the referenced exhibits used by Plaintiff's counsel in the Welch Litigation Motion for Preliminary Injunction; however, Defendants will make them available to the Court for viewing at the hearing so that the Court is aware of the "confidential" stamp referenced herein.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI  48220

9

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

for this blatant violation of the Protective Order (Doc # 31).  Plaintiff's counsel never sought concurrence in using the transcripts or confidential documents as exhibits in the Welch Litigation, nor has Plaintiff's counsel sought that the documents not be marked "confidential" pursuant to Paragraph 7 of the Protective Order.

The basis for this motion is simple.  Confidential discovery materials from this litigation were improperly disclosed to a third party and utilized in outside litigation, in violation of the Stipulated Confidentiality Protective Order entered in this case.  Plaintiff's counsel cannot dispute (although they have) that her office used confidential discovery materials from this litigation in the litigation filed by her office on behalf of Michael Welch.  There is no dispute that the materials referenced in and attached as exhibits to Michael Welch's Motion for Preliminary Injunction are confidential discovery materials, namely, deposition transcripts and personnel documents and investigative reports involving Officer Furman.  Finally, Plaintiff and Plaintiff's counsel knew these deposition transcripts were confidential discovery materials as the Stipulated Confidentiality Protective Order is just that, a stipulated order.

On June 20, 2018, more evidence came to light of Plaintiff and Plaintiff's counsel's violation of the Protective Order.  Police Chief John Allen received a phone call from Detroit Free Press reporter Tresa Baldas, who wanted to ask

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

questions about Matthew Furman for an upcoming news article. *See* **Exhibit 3**. Ms. Baldas informed Chief Allen that attorney Deborah Gordon provided her with transcripts of the depositions of Chief Allen and Matthew Furman.  Ms. Baldas read excerpts of Chief Allen's deposition transcript to Chief Allen over the phone. Chief Allen had only given his deposition one week prior on June 13, 2018.

On June 20, 2018, in response to Ms. Baldas' call to Chief Allen, Defense counsel, Melinda Balian, contacted Ms. Baldas to determine how Ms. Baldas had obtained deposition transcripts despite this Court's entry of a Protective Order explicitly protecting deposition transcripts as confidential.  Despite earlier telling Chief Allen that she had obtained the deposition transcripts from attorney Deborah Gordon, Ms. Baldas represented that she downloaded the transcripts from PACER. *See* **Exhibit 4**.  While it might be possible that Ms. Baldas obtained the deposition transcript of Matthew Furman on PACER due to Plaintiff's counsel's improperly attaching of same to the Motion for Preliminary Injunction she filed on behalf of Michael Welch in his lawsuit, it is impossible for Ms. Baldas to have obtained the deposition transcript of John Allen from PACER because it has not been filed in this litigation or in the *Welch* litigation.  Indeed, Chief Allen gave his deposition only one week prior to Ms. Baldas' phone call to him for comment.

On June 21, 2018, the Detroit Free Press published an article written by Tresa Baldas that contained multiple references to confidential discovery materials,

11

including quoted deposition testimony of Matthew Furman and John Allen, as well as disciplinary information of Matthew Furman that was produced as CONFIDENTIAL or discussed during his deposition. **Exhibit 5**. There is only one possible source for this information: Plaintiff and his counsel. It is clear from the article that Plaintiff and/or his counsel intentionally violated the protective order by disclosing some or all of the referenced confidential materials to the reporter.

As noted, Plaintiff and his counsel cannot honestly represent to the Court that they did not disclose the deposition transcript of John Allen to the reporter. His deposition occurred one week prior, and his transcript is not uploaded to PACER in either this litigation or the *Welch* litigation. Based on the text of Ms. Baldas' article, it appears she exposed the remainder of her lie to defense counsel that she had obtained the deposition transcripts from PACER. On page one of the article, Ms. Baldas references Mr. Furman's "118-page deposition obtained by the Free Press." **Exhibit 5.** However, the transcript plaintiff's counsel improperly attached as an exhibit in the *Welch* litigation is only 87 pages. *See* **Exhibit 9, listed Exhibit J.** The condensed transcript of Mr. Furman's deposition is 118 pages, but plaintiff's counsel had removed the index prior to improperly using this confidential discovery in the unrelated *Welch* litigation. Therefore, it is impossible that the Detroit Free Press reporter obtained both transcripts from PACER. This leaves only Plaintiff or his counsel as the violating party. Again, Ms. Baldas

12

admitted to Chief John Allen that attorney Deborah Gordon provided the transcripts to her.

Notably, during Plaintiff's continued deposition on June 21, 2018, defense counsel asked Plaintiff whether he has provided discovery materials to any individual outside of this litigation.  Plaintiff's counsel refused to allow her client to answer the question, despite asserting no claim of privilege.

When defense counsel sought concurrence in this Motion based on the additional violations per the Detroit Free Press article, Plaintiff's counsel admitted that the documents referenced regarding John Allen's deposition were not on PACER as of yet.  This further underscores the inaccurate misrepresentations by the Detroit Free Press reporter regarding the source of these documents, and sheds light on the involvement of Plaintiff and his counsel to aid in the publishing of confidential discovery materials in violation of the Protective Order.

The engaging of the media by Plaintiff's counsel to litigate her agenda of this matter in the public is not only in violation of the Protective Order agreed to by Plaintiff and entered by this Court, but it also has implications with respect to jury nullification and venue issues.  Regardless of their motive for releasing these confidential discovery materials to the media, Plaintiff and Plaintiff's counsel have prejudiced Defendants by tainting the jury pool.

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

There is no dispute that Plaintiff and/or Plaintiff's counsel have repeatedly violated the Stipulated Confidentiality Protective Order in this case.  Based on the nature of the violations, there is also no dispute that these violations were intentional.   This Court should enter severe sanctions against Plaintiff and Plaintiff's counsel for these intentional, egregious violations of the Court's Protective Order.

**B.**  **Improper Use of Discovery Rules by Plaintiff by Attempting to Use This Litigation to Obtain Early Discovery in Welch Litigation**

In addition to complete disregard of the Stipulated Confidentiality Protective Order, Plaintiff and Plaintiff's counsel have violated discovery rules 26(b)(1), 26(d)(1)-(2), and 34(a) by improperly utilizing discovery methods in this litigation to obtain early discovery on issues not relevant to the claims or defenses in this litigation, but rather pertaining to Michael Welch's allegations in the Welch Litigation.   To this end, Plaintiff served his Third Requests for Production of Documents on April 25, 2018. **Exhibit 10.**  These requests sought the following:

1)   documents and communications between Melvindale City Counsel, Lawrence Coogan and members of the Melvindale Public Safety Commission from March 28, 2018 to present;

2)   documents and communications between Mr. Coogan and members of the Melvindale Police Department from March 28, 2018 to present; and

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

14

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

3)      meeting recordings, meeting minutes, and related materials for meetings of the Public Safety Commission (both regular and closed session) from March 28, 2018 to present.

Additionally, on May 16, 2018, Plaintiff's counsel served a subpoena for documents upon Martha McDaniel, secretary for the Public Safety Commission, seeking meeting recordings, minutes and agendas from all meetings (both regular and closed session) of the Public Safety Commission between March 28, 2018 and the present. **Exhibit 6.**

Michael Welch's Complaint is against the City of Melvindale, Mr. Coogan and the Melvindale Public Safety Commissioners individually, including Ms. McDaniel.  Mr. Welch alleges his First Amendment rights were violated due to suffering alleged retaliation after being deposed by Plaintiff's counsel in this litigation on March 28, 2018.

Welch apologized for providing "misstatements" during Plaintiff's removal hearing. **Exhibit 11.**[3]  The question of Welch's veracity will be governed by the Federal Rules of Evidence, not having a trial within a trial on his claims of retaliation for violation of his First Amendment rights.

In addition to violating the protective order in this case, Plaintiff's counsel is improperly circumventing the discovery rules by utilizing her relationship as

---

[3] Plaintiff has been in possession of this document since Welch's deposition on March 28, 2018.

15

counsel in this litigation to obtain early discovery in Mr. Welch's litigation. Defendants have been prejudiced by way of additional attorney fees incurred in defending and answering discovery requests irrelevant to the issues in this litigation. As defense counsel has repeatedly informed counsel for Plaintiff, the issue of Mr. Welch's veracity will be determined and governed by the Federal Rules of Evidence, but the forum for Welch's Litigation is before Judge Michelson, not this Court. Further, the documents sought are 1) not relevant to the claims or defenses in this case and 2) secondly it is not in the best interests of justice to have a "trial within a trial" regarding the Welch Litigation as his allegations are not related to the claims or defenses of Plaintiff.

**C. Plaintiff's Failure to Provide Prior Notice of May 16 Martha McDaniel Subpoena**

In addition to the discovery violations above, Plaintiff's counsel has violated Fed. R. Civ. P. 45(a)(4) by failing to provide defense counsel with required notice of subpoenas. On May 16, 2018, Plaintiff served Martha McDaniel personally with a subpoena for documents pertaining to Michael Welch's claims: meeting recordings, minutes and agendas from meetings of the Melvindale Public Safety Commission between March 28, 2018 and the present. *See* **Exhibit 6**. Defense counsel did not receive a copy of the subpoena until May 18, 2016, as shown by the "Received" stamp on the cover letter and envelope received with the subpoena. **Exhibit 6**. Plaintiff admittedly did not provide prior notice of the subpoena to

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

16

defense counsel pursuant to Fed. R. Civ. P. 45(a)(1)(D)(4) as shown by the post marked envelope to defense counsel dated May 16th.  Although on May 18, 2018, defense counsel requested that Ms. Gordon please cease and desist from doing this in future practice, **Exhibit 12,** the response from Plaintiff's counsel was, in short, no need to because a court won't grant a motion to quash. **Exhibit 13.**

There is no dispute that Plaintiff and Plaintiff's counsel violated Fed. R. Civ. P. 26(a)(4) when they failed to provide advance notice of the subpoena.  There is no excuse for this violation.  Coupled with the conduct outlined above, this violation warrants sanctions, as Defendants incurred legal costs through defense counsel's addressing the subpoena and corresponding with plaintiff's counsel regarding the same.

**D.  Plaintiff's counsel's multiple violations of the Michigan Rules of Professional Conduct**

Finally, Plaintiff's counsel has violated the Michigan Rules of Professional Conduct, without explanation or excuse.

First, Plaintiff's counsel has improperly contacted supervisory employees of Defendants, in direct violation of MRPC 4.2, which prohibits communications with persons represented by counsel.  Specifically, Plaintiff's counsel improperly contacted and served subpoenas on various supervisory officers for their depositions, including  Sgt. Patrick Easton and Corporal Brandon Nolin.  No supervisory employees should be contacted directly contacted by Plaintiff's

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

17

**Foley & Mansfield, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220

counsel.  Despite Defense counsel's repeated requests to refrain from contacting supervisory employees directly, Plaintiff's counsel has not ceased the improper contact.

Additionally, Plaintiff's counsel's conduct toward defense counsel has deteriorated to the point where Plaintiff's counsel is unable and unwilling to extend simple courtesy and respect, as expected among professionals but as required by MRPC 6.5.  MRPC 6.5 requires a lawyer to treat all persons involved in the legal process with courtesy and respect.  This rule extends to coordinating schedules and notifying of changes of depositions.  As noted above, Plaintiff's counsel cancelled a deposition scheduled for the Tuesday after a holiday weekend without providing notice to defense counsel.  Based on defense counsel's conversation with the witness on the Friday before the deposition, it is apparent that Plaintiff's counsel had contacted the witness several days prior to notify him of the cancellation. Defense counsel only learned of the cancellation upon contacting the witness to discuss the upcoming deposition.  Not only did Plaintiff's counsel fail to communicate the cancellation to defense counsel, the response given to defense counsel's request to confirm the deposition demonstrates the complete lack of courtesy and respect shown by Plaintiff's counsel.  As noted above, Ms. Taylor responded, "Lash's dep has been cancelled, and he has been notified." **Exhibit 7** (emphasis added**)**.  Defense counsel responded requesting the date Officer Lash

18

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI  48220

was notified of the cancellation and asking why defense counsel was not notified. **Exhibit 8**.  Plaintiff's counsel never responded to the email.

Plaintiff's counsel has no excuse for their disregard of the Michigan Rules of Professional Conduct, which further demonstrate the inappropriate conduct and belief of Plaintiff's counsel that the rules don't apply to them.  Sanctions are warranted for these blatant and avoidable violations.

<u>**CONCLUSION**</u>

Based upon the above, it is respectfully requested that this Court grant Defendants' Motion for Sanctions.

Defendants request an Order assessing monetary sanctions against Plaintiff and Plaintiff's counsel due to unnecessary attorney fees incurred.  If this Court grants Defendants' motion for reasonable attorney fees and costs, Defendants will submit billings to support the request.

Further, Defendants request an Order recommending that Plaintiff and Plaintiff's counsel be held in contempt for violating the protective order, and compelling Plaintiff and Plaintiff's counsel to cease and desist from further violations of the protective order to avoid further tainting of the jury and to avoid a request for change of venue.

By:   /s/  *Melinda A. Balian*
**FOLEY & MANSFIELD, PLLP**
130 East Nine Mile Road
Ferndale, MI  48220

(248) 721-4200
mbalian@foleymansfield.com

Dated:  June 21, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2018 I electronically filed the foregoing **Emergency Motion to Enforce Protective Order, Sanctions Against Plaintiff for Violation of Protective Order and Failure to Comply with Court Rules, and Cease and Desist From Continued Violation** with the Clerk of the Court using the ECF system which will send notification of such filing to:

dgordon@deborahgordonlaw.com
bshipper@deborahgordonlaw.com
ivaynerman@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
lawrencejcooganlaw@yahoo.com

and I hereby certify that I have mailed by US Postal Service to the following non-ECF participants:  NONE.

/s/ Krista Woerfel

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI  48220

20