# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD HAYSE,

    Plaintiff,

vs.

CITY OF MELVINDALE, *a political Subdivision of the State*; MELVINDALE CITY COUNCIL, *a legislative body of the City of Melvindale*; NICOLE BARNES, WHEELER MARSEE, MICHELLE SAID LAND, DAVE CYBULSKI, CARL LOUVET, *and* STEVEN DENSMORE, *individuals, sued in their official and personal capacities,*

    Defendants.

Case No: 17-cv-13294
Hon. Linda V. Parker
Mag. Elizabeth A. Stafford

| DEBORAH GORDON LAW | FOLEY & MANSFIELD, PLLP |
|---|---|
| Deborah L. Gordon (P27058) | Gregory M. Meihn (P38939) |
| Benjamin I. Shipper (P77558) | Melinda Balian (P55744) |
| Irina L. Vaynerman (0396759) | Attorneys for Defendants |
| Elizabeth Marzotto Taylor (P82061) | 130 E. Nine Mile Road |
| Attorneys for Plaintiff | Ferndale, Michigan 48220 |
| 33 Bloomfield Hills Parkway, Suite 220 | (248) 721-8183/Fax (248) 721-4201 |
| Bloomfield Hills, Michigan 48304 | gmeihn@foleymansfield.com |
| (248) 258-2500/Fax (248) 258-7881 | mbalian@foleymansfield.com |
| dgordon@deborahgordonlaw.com | |
| bshipper@deborahgordonlaw.com | Lawrence J. Coogan (P42433) |
| ivaynerman@deborahgordonlaw.com | Co-Counsel for Defendants |
| emarzottotaylor@deborahgordonlaw.com | 4146 Oakwood Blvd. |
| | Melvindale, Michigan 48122 |
| | (313) 381-0044 |
| | lawrencejcooganlaw@yahoo.com |

**PLAINTIFF'S SIXTH SUPPLEMENTAL ANSWERS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff Chad Hayse, by his attorneys Deborah Gordon Law, hereby answers Defendants' First Set of Requests for Production of Documents as follows:

1

To the extent these Requests seek to limit the exhibits Plaintiff will use at trial to those listed here, Plaintiff objects. Plaintiff will identify exhibits on the date(s) set for doing so set by the Court.

Plaintiff's production is made to the best of his ability and in light of his own limited knowledge. His search has been limited to files and places reasonably likely to contain discoverable materials, and if any broader search is expected, Plaintiff objects that it is beyond the scope of discovery.

Plaintiff objects to providing items reflecting communications between himself and his counsel, information about which witnesses or possible witnesses his counsel (or his counsel's agents) has contacted directly or indirectly. All such matters and materials, where they exist, will be obtained in anticipation of litigation and are covered by the attorney-client privilege against disclosure of confidential communications and/or the work product doctrine, which is described in Federal Rule of Civil Procedure 26(b)(3). Such contacts and materials are not and will not be disclosed here pursuant to Federal Rule of Civil Procedure 26(b)(1) and (5).

Plaintiff further states that discovery is ongoing and will continue to supplement his responses as needed.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST 9

Provide all documents subpoenaed or requested by you from any third party regarding any of the allegations or claims in your Complaint.

**ORIGINAL ANSWER:** Plaintiff objects to this Request because it is unduly burdensome, overbroad, vague, not proportional to the needs of the case, and not limited in time and scope. Plaintiff additionally states that the term "third party" is overbroad. Plaintiff also objects to this Request as it attempts to unreasonably invade Plaintiff's privacy rights. Subject to and without waiving the aforementioned objections, Plaintiff has no responsive documents.

**SUPPLEMENTAL ANSWER:** Plaintiff objects to this Request because it is unduly burdensome, overbroad, vague, not proportional to the needs of the case, and not limited in time and scope. Plaintiff additionally states that the term "third party" is overbroad.

Plaintiff also objects to this Request as it attempts to unreasonably invade Plaintiff's privacy rights. Subject to and without waiving the aforementioned objections, see Bates HAYSE 198-645.

SUPPLEMENTAL ANSWER: Plaintiff objects to this Request because it is unduly burdensome, overbroad, vague, not proportional to the needs of the case, and not limited in time and scope. Plaintiff additionally states that the term "third party" is overbroad. Plaintiff also objects to this Request as it attempts to unreasonably invade Plaintiff's privacy rights. Subject to and without waiving the aforementioned objections, see Bates HAYSE 928-930.

SUPPLEMENTAL ANSWER: Plaintiff objects to this Request because it is unduly burdensome, overbroad, vague, not proportional to the needs of the case, and not limited in time and scope. Plaintiff additionally states that the term "third party" is overbroad. Plaintiff also objects to this Request as it attempts to unreasonably invade Plaintiff's privacy rights. Subject to and without waiving the aforementioned objections, see Bates HAYSE 947-3565.

Dated: March 12, 2018

DEBORAH GORDON LAW

Deborah L. Gordon (P27058)
Benjamin I. Shipper (P77558)
Irina L. Vaynerman (0396759)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500/Fax (248) 258-7881
dgordon@deborahgordonlaw.com
bshipper@deborahgordonlaw.com
ivaynerman@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

3

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2018, Plaintiff Chad Hayse's Sixth Supplemental Answers to Defendants' First Set of Requests for Production of Documents and **Bates 947-3565** was served by secure drawer.

_____
Lynne Sheridan

4