UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD HAYSE,

                   Plaintiff,

v.

CITY OF MELVINDALE, *et al.*,

                Defendants.

Civil Action No.: 17-13294
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

_____/

## OPINION AND ORDER REGARDING MOTIONS [ECF NOS. 79, 82, 86, 91]

### I.    Introduction

Plaintiff Chad Hayse, the former chief of police of the City of Melvindale, sues Melvindale, its city council, and the members of the city council, under 42 U.S.C. § 1983. [ECF No. 68]. He alleges that defendants violated his Fourteenth Amendment due process rights by removing him as police chief based upon false charges of misconduct, and after "sham proceedings," and that defendants violated his First Amendment rights by retaliating against him. [*Id.*]. The Honorable Linda V. Parker referred various motions to the undersigned for hearing and

determination, and the Court held a hearing on July 30, 2018. For the reasons stated on the record and below, the Court:

- **DENIES** defendants' motion to enforce protective order **[ECF No. 79]**;

- **GRANTS IN PART AND DENIES AS MOOT IN PART** plaintiff's motion to compel Patrick Easton and Carl Louvet to testify **[ECF No. 82]**;

- **GRANTS IN PART, DENIES IN PART, AND TAKES UNDER ADVISEMENT IN PART PENDING FURTHER BRIEFING**, plaintiff's motion to compel responses to his third and fourth set of requests to produce **[ECF No. 86],** and **ORDERS** defendants to produce by **August 29, 2018** documents described below; and,

- **GRANTS** plaintiff's motion to compel production of settlement agreement **[ECF No. 91],** and **ORDERS** defendants to produce the settlement agreement by **August 6, 2018**.

## II.   Analysis

### Motion for Protective Order [ECF No. 79]

Defendants accuse Hayse of violating the stipulated protective order by disclosing deposition testimony and other confidential records to a

reporter, and by using deposition testimony in a separate lawsuit (*Michael Welch v. City of Melvindale, et al.*, case number 18-11450).  Hayse states that, with the exception of six pages of a deposition, the reporter obtained access to the allegedly confidential documents through the Court's electronic filing system.  [ECF Nos. 92, PageID.3924; 92-2].  At the hearing, defense counsel acknowledged that he had no evidence that the reporter obtained any document designated as confidential from Hayse's counsel rather than from court filings.  Therefore, as a factual matter, the evidence supports only that Hayse's counsel provided the reporter with deposition testimony, and filed deposition transcripts in the *Welch* matter.

The parties' stipulated protective order states in part, "All confidential Discovery Material produced, or depositions taken in discovery in the Litigation, shall be used solely for purposes of the Litigation and for no other purpose."  [ECF No. 31, PageID.540].  Defendants state that the word "confidential" in this sentence does not modify "depositions taken in discovery in the Litigation."  In other words, defendants contend that *all* of the deposition testimony taken in this matter is covered by the protective order and cannot be used for any purpose other than this case.  The Court finds this interpretation to be unsustainable.

3

First, protective orders are warranted only upon a showing of good cause. Fed. R. Civ. P. 26(c)(1). Stipulated protective orders "are often blanket in nature, and allow the parties to determine in the first instance whether particular materials fall within the order's protection." *Shane Grp. Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). Defendants' position is that the stipulated protective order allowed for a blanket designation of confidentiality with regard to all deposition testimony, but nothing in the stipulated order articulated "good cause" for categorically designating all deposition testimony as confidential.

Instead, the protective order specified categories of documents that could be considered confidential:

> A disclosing party may designate information produced in discovery as Confidential Material only if the disclosing party determines, in good faith, that such material constitutes: (a) trade secrets; (b) information of a confidential or proprietary nature; (c) Plaintiff's or Defendants' financial or tax information; (d) medical records related to Plaintiff; and/or, (e) any other information in which any party or any third-party has a reasonable expectation of privacy (such as social security information, health information, etc.).

[ECF No. 31, PageID.540].

The protective order went on to describe the process of designating documents as confidential, and stated, "Deposition testimony and the transcripts and exhibits thereof shall be deemed 'Confidential' *pursuant to*

*the terms of this stipulated protective* order without having to orally indicate such on the record." [*Id.*, PageID.541 (emphasis added)].  Defendants argue that this provision demonstrates that all deposition testimony was automatically deemed confidential.  But Hayse responds that the language, "pursuant to the terms of this stipulated protective order," requires reference to the specified categories of confidential documents, meaning that deposition testimony is automatically deemed confidential only if it refers to a trade secret, financial or tax information, medical records, or other private information.  [*Id.*, PageID.540-41].  And other language in the protective order does anticipate that the parties would designate deposition testimony as confidential.  "Any deposition testimony, transcripts, or exhibits that are marked confidential may nonetheless be cited in motion practice before the Court, during oral argument before the Court, may be attached to any motions or documents filed with the Court, and may be utilized in trial as needed." [*Id.*, PageID.541].  If deposition testimony was automatically considered confidential, why would the parties mark it as such?

Defendants argued that any ambiguity in the protective order should be construed against Hayse since his attorneys drafted the order, but the evidence indicates that he never meant to categorically deem depositions

as confidential.  Hayse's counsel brought a series of emails with defense counsel to the hearing.  In January 2018, Hayse's counsel wrote that they could not agree to protective-order language proposed by defendants because "[u]nder the language you proposed below, this would result in a huge percentage of deposition testimony being considered confidential."[1] Defense counsel responded that, at that point, defendants considered confidential "[d]ocuments contained with personnel files; [d]ocuments contained within investigative files; [a]ny and all policies, regulations, operational rules of Defendants and/or the City of Melvindale Police Department; [i]nternal memos, correspondence, documents of Defendants and/or the City of Melvindale Police Department; POAM Contract." Defendants did not assert an intent to deem all deposition testimony confidential.

Public policy also weighs against granting defendants' motion.  The Court cannot overlook that defendants are a city, a city council, and city officials.  The citizens of Melvindale, therefore, have an interest in "the conduct giving rise to the case."  *Shane Grp.*, 825 F.3d at 305*; see also Reed v. Baxter*, 134 F.3d 351, 356 (6th Cir. 1998) (describing "the strong public interest in open and honest government.").  Defendants want to

---

[1] These emails are attached.

deem confidential the full deposition testimony of Melvindale's mayor, city council members, chief of police, police officers and corporate counsel, and about matters that lie squarely within their official capacities. They want to deem confidential testimony that is inherently not private. Such secrecy from a governmental body and it officials "insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Shane Grp.*, 825 F.3d at 305 (citations and internal quotation marks omitted).

This case is, indeed, case and point. One of defendants' primary complaints is that deposition testimony of Melvindale officials is being used to support Welch's claim that corporate counsel Larry Coogan and members of the Melvindale Public Safety Commission (PSC) conspired to intimidate and retaliate against Welch for his deposition testimony in this case, in violation of his First Amendment rights and 42 U.S.C. § 1985(2). Welch filed a motion for preliminary injunction after Coogan and the PSC drafted a resolution to set a trial board date and draft a complaint against him because of "his testimony during his recent deposition in the Chad Hayse lawsuit against the City." [*Welch*, 18-11450, ECF Nos. 10, 10-31]. Defendants complain that Welch's motion for preliminary injunction "contains thirty-one (31) exhibits, of which ten (10) are deposition

transcripts from this Litigation." [ECF No. 79, PageID.2520]. But they make no effort to argue that any of the deposition transcripts include private information. This Court will not countenance defendants' effort to shield testimony about the conduct of public servants from public scrutiny. Defendants' motion is denied.

## Motions about Easton Settlement Agreement [ECF NOS. 82, 91]

Hayse filed a motion to compel Police Officer Patrick Easton and Councilman Carl Louvet to testify, and a related motion to compel production of a settlement agreement between Easton and Melvindale. Hayse subpoenaed Easton to testify on May 15, 2018, but defense counsel notified Hayse's counsel that Easton would be in a facilitation that day. [ECF Nos. 82-3, 82-4]. Easton's facilitation was for his lawsuit against Melvindale; the parties to that case agreed to a settlement, which the city council approved on May 23, 2018. [ECF No. 82-7]. At Easton's deposition the next day, he refused to answer questions regarding his "confidential" settlement with Melvindale and other questions. [ECF No. 82-9, PageID.2718-20, 2754-56, 2758-61]. Defense counsel, who was not representing Easton at the deposition, echoed Easton's objection to answering questions about the allegedly confidential settlement, and also asserted that a prior order of this Court had narrowed the scope of the

questions that Hayse's counsel was allowed to ask Easton.  [*Id.*, PageID.2719-20, 2730, 2732, 2745, 2756, 2759-61].

The prior order to which defense counsel referred was a finding from an April 2018 hearing.  [*See* ECF No. 69].  When ruling on requests to produce documents, the Court indicated that for officers who had been witnesses during Hayse's removal hearing, documents regarding disciplinary or promotion actions beyond January 2017 did not appear to be relevant.  [*Id.*, PageID.1979-81].  But the Court did not foreclose the possibility that evidence beyond January 2017 might turn out to be relevant.  Instead, the Court said, "You can take their depositions and if there's any evidence that emerges from the depositions that would . . . make clear that there is more relevant information, then you can revisit that."  [*Id.*, PageID.1981].

Defense counsel's belief that this instruction was intended to limit deposition testimony is ill-founded given that this Court indicated that the witnesses' depositions might reveal that evidence beyond January 2017 is relevant, and given that relevance is not a proper objection to deposition questions.  *Ferrell v. Sparkman*, No. 4:06CV7, 2007 WL 172516, at *2 (E.D. Tenn. Jan. 18, 2007) ("Lack of relevance is not a valid objection under [Federal Rule of Civil Procedure] 30(d)(1) and, as a result, is not an

appropriate reason to withhold answers to a question posed during a deposition.").

Regardless, an attorney representing Easton filed a response to Hayse's motion to withdraw any objection to complying with the subpoena requests to produce a copy of the settlement agreement and to submit to further deposition testimony. [ECF No. 105]. So Hayse's request to elicit further deposition testimony from Easton is granted without objection.

But at the hearing, defendants continued to object to Hayse obtaining a copy of the settlement agreement from Easton. A party does not have standing to challenge the subpoena served on a third party absent a showing that the objecting party has a privilege or personal right with regard to the documents sought. *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) ("The law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty."); *Mann v. Univ. of Cincinnati*, Nos. 95-3195 and 95-3292, 1997 WL 280188, at *4 (6th Cir. May 27, 1997) (quoting 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (1995) ("[O]rdinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought").

Here, defendants do not have a privilege or personal right to challenge the disclosure of the settlement agreement.  It is true that Melvindale is a party to the settlement agreement, and that a confidentiality privilege applies to the parties settlement negotiations.  *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980–81 (6th Cir.2003).  But that privilege does not apply to the actual settlement agreement, even though the settling parties denoted the agreement as "confidential."  *Wagner v. Circle W Mastiffs,* No. 2:08-CV-431, 2013 WL 2096655, at *4 (S.D. Ohio May 14, 2013) (collecting cases).  This holding has special application when a party to a settlement agreement is a municipality; privilege claims asserted by a governmental entity are narrowly construed due to the public's strong interest in open and honest government.  *Reed*, 134 F.3d 356.  Defendants' effort to conceal the settlement agreement that it made with Easton offends this interest; they have no privilege or right to object to Easton's decision to disclose the agreement.

Defendants had also objected to a request to produce the settlement agreement, so Hayse filed a separate motion to compel the document from defendants.  [ECF Nos. 91, 91-2].  Although their initial objections were many, defendants' arguments at the hearing rested on only two grounds:

11

the supposed confidentiality of the agreement, and its alleged lack of relevance to a claim or defense. The Court has already found that the designation of the settlement agreement as confidential did not create a privilege that would preclude disclosure of the agreement in discovery. Concerning relevance, Hayse argued that Easton was a key witness at Hayse's removal hearing and will be a key witness at trial. Hayse argued that he has a right to discover whether Easton's settlement agreement with Melvindale, entered into on the eve of his deposition, included any inducements to influence Easton's testimony in this case. Defendants are correct that these arguments do not demonstrate relevance to a specific claim or defense. But the Court must also assess whether the requested information is more generally admissible under the Federal Rules of Evidence.

> A variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action. For example, other incidents of the same type, or involving the same product, could be properly discoverable under the revised standard. Information about organizational arrangements or filing systems of a party could be discoverable if likely to yield or lead to the discovery of admissible information. Similarly, information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable.

Fed. R. Civ. P. 26, advisory committee notes (2015). Here, the discovery Hayse requests could be used to impeach a likely witness.

For all of these reasons, the Court grants Hayse's motions to compel Easton to give further testimony, and to compel Easton and defendants to produce a copy of the settlement agreement. Hayse also moved to compel Louvet to testify about the details of the settlement agreement, but since Hayse will receive copies of the agreement, Hayse's counsel agreed at the hearing that more deposition testimony from Louvet is not necessary. The motion to compel Louvet to give more deposition testimony is therefore denied as moot.

## Motion to Compel Responses to
## Third Requests to Produce [ECF No. 86]

Hayse's third request for production of documents includes requests pertaining to Coogan's and PSC's effort to discipline Welch for his deposition testimony in this case. Hayse asserts that these requests are relevant because "Defendants are using Welch as an example for other witnesses in this case, particularly other police officers: if you truthfully testify against the City of Melvindale, you will be punished by losing your job, pension, and reputation." [ECF No. 86, PageID.3053]. He attaches in support deposition testimony and affidavits stating that Coogan told other subpoenaed officers and a union representative that Welch had lied during his deposition, and that he was considering disciplinary charges against

Welch.  [*Id.*, PageID.3053-54; ECF Nos. 86-12, 86-15; ECF No. 86-13, PageID.3358; ECF No. 86-14, PageID.3388-89].

Defendants object that the requested documents are not relevant to this case, and that Hayse is merely seeking early discovery for the *Welch* action.  The Court disagrees; evidence that defendants attempted to intimidate and threaten witnesses *in this case* is inherently relevant *to this case*, and could be used to impeach witnesses should this case go to trial. *See* Rule 26, advisory committee notes (2015) ("[I]nformation that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable.").  But defendants' correctly argue that some of Hayse's requests are too broadly written, encompassing evidence that is not relevant or important for resolving the issues here.[2]

With that in mind, the Court orders as follows with respect to Hayse's third request for production of documents:

---

[2] *See* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" after consideration of several factors, which are identified as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the *860 proposed discovery outweighs its likely benefit.").

1. Defendants must produce by August 29, 2018 all documents and communications regarding Welch exchanged between Lawrence Coogan and any and all members of the PSC from March 28, 2018 to the present;

2. Defendants must produce by August 29, 2018 all documents and communications regarding Welch or this case exchanged between Coogan and any and all members of the Melvindale Police Department, from March 28, 2018 to the present;

3. Defendants must produce by August 29, 2018 the meeting recordings, meeting minutes, agendas, notes, supplementary materials, and proposed motions from all meetings of the Melvindale Public Safety Commission between March 28, 2018 and the present; and

4. With regard to paragraphs 1 and 2, defendants have a continuing obligation until the conclusion of this litigation.  With regard to paragraph 3, defendants have a continuing obligations to produce documents that relate to Welch or this case.

**Motion to Compel Responses to**
**Fourth Requests to Produce [ECF No. 86]**

Hayse's fourth requests for production include a request for production of "any cell phone and other electronic devices that may contain

any text messages between" several Melvindale officials, and the production "for inspection, copying and forensic analysis any cell phone and other electronic devices" used by Coogan, Mayor Barnes (a defendant here), and Officer Matthew Furman. [ECF No. 86-6]. Hayse asserts that witnesses have testified that they exchanged text messages with Barnes during relevant time periods that have not yet been produced.

Defendants respond that Barnes testified she is no longer using the cell phone and cell provider that she had during those time periods, so the messages that Hayse seeks are no longer in her possession, custody or control. *See* Fed. R. Civ. P. 34(a) (allowing requests to produce evidence within the "responding party's possession, custody, or control."). And at the hearing, Hayse's counsel did not know whether any of the cell phones and devices he seeks were issued by Melvindale, but she argued that the Court had the authority to compel any employee or agent of Melvindale to produce his or her phone. Hayse cites *Flagg v. City of Detroit*, 252 F.R.D. 346 (E.D. Mich. 2008), in support, but that case is distinguishable—except as it relates to Barnes's text messages.

"[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has *actual* possession, custody or control, or has the legal right to

obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (emphasis in original and added). *Flaggs* did not deviate from that holding. "In light of the Rule's language, '[a] party responding to a Rule 34 production request cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control.'" *Flagg,* 252 F.R.D. at 353 (quoting *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (internal quotation marks and citation omitted)). The party must have the legal right to command release from the party with actual possession. *Gen. Envtl. Sci. Corp. v. Horsfall*, 25 F.3d 1048, at *10 n.15 (6th Cir. 1994) (unpublished). And "[t]he party seeking production of documents bears the burden of proving that the opposing party has [such] control." *Robert Bosch, LLC v. Snap-On Inc.*, No. 12-11503, 2013 WL 823330, at *1 (E.D. Mich. Mar. 6, 2013).

*Flagg* concerned subpoenas that were served on a third-party text messaging service with whom the City of Detroit had a contract. The court found that Detroit had a contractual right to obtain messages held by the provider, and that the message were therefore within its control. 252 F.R.D. at 354. Hayse quotes *Flagg* as stating that "[a] party responding to

a Rule 34 production request . . . is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control." 252 F.R.D. at 353. He then argues that it is axiomatic that defendants have the right to command the release of Coogan's and Furman's electronic devices. [ECF No. 86, PageID.3069-70]. This interpretation of *Flagg* is goes too far.

To begin with, the *Flagg* court emphasized that, under the circumstances presented there, "a strong case can be made that City employees have given their implied consent to SkyTel's production of text messages to the City." 252 F.R.D. at 365. Consent was implied because the employees had been warned that their communications would be monitored, and were the property of the City. *Id.* at 364-65. But consent cannot be implied cavalierly. *Id.* Here, Hayse's motion provided no evidence that the Melvindale employees at issue gave implied consent to the monitoring of their personal devices.

Hayse made an additional argument at the hearing. He noted that Michigan's Freedom of Information Act (FOIA) requires a public body to maintain and furnish upon request "public records," and that communications between public officials about his removal would be considered public records. *See Flagg*, 252 F.R.D. at 355-56 (applying

Michigan's FOIA law, M.C.L. §§ 15.232 and 15.233, to the text message at issue). But neither Michigan's FOIA laws nor *Flagg* say anything about commanding a public employee to produce his or her entire personal device for inspection.

For these reasons, the Court finds that Hayse has not met his burden of demonstrating that the personal devices belonging to nonparty employees are within defendants' possession, custody or control. On the other hand, Barnes is a defendant here, and her prior service provider may have a contractual obligation to produce to her copies of her old text messages. In other words, Barnes may have control of her old text messages, and thus an obligation to produce them. *Flagg*, 252 F.R.D. at 354. But the Court gave the parties until August 6, 2018 to submit supplemental briefs on this issue.

Thus, the Court denies Hayes' motion to compel productions of the personal devices for inspection, except that the question of whether Barnes must seek copies of her text messages from her prior provider is taken under advisement.

### III.    Conclusion

The Court **DENIES** defendants' motion to enforce protective order **[ECF No. 79]; GRANTS IN PART AND DENIES AS MOOT IN PART**

plaintiff's motion to compel Patrick Easton and Carl Louvet to testify **[ECF No. 82]**; **GRANTS IN PART, DENIES IN PART, AND TAKES UNDER ADVISEMENT IN PART PENDING FURTHER BRIEFING**, plaintiff's motion to compel responses to his third and fourth set of requests to produce **[ECF No. 86], ORDERS** defendants to produce documents by **August 29, 2018**; **GRANTS** plaintiff's motion to compel production of settlement agreement **[ECF No. 91],** and **ORDERS** defendants to produce the settlement agreement by **August 6, 2018**.

The parties are warned that the filing of objections to a magistrate judge's ruling on a non-dispositive motion does not stay the parties' obligations under the order. *See* E.D. Mich. LR 72.2 ("When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.").

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 2, 2018

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of 14 days from the date of receipt of a copy of this order

within which to file objections for consideration by the district judge under

28 U.S.C. § 636(b)(1).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 2, 2018.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager