UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD HAYSE,

      Plaintiff,

v.

CITY OF MELVINDALE, a political
Subdivision of the State;
MELVINDALE CITY COUNCIL, a
legislative body of the City of
Melvindale, NICOLE BARNES,
WHEELER MARSEE, MICHELLE
SAID LAND, DAVE CYBULSKI,
CARL LOUVET, and STEVEN
DENSMORE, individuals, sued in
their official and personal capacities

      Defendants.
_____/

Civil Case No. 17-13294
Honorable Linda V. Parker
Mag. Elizabeth A. Stafford

# OPINION AND ORDER REJECTING DEFENDANTS' OBJECTIONS [ECF NO. 113] TO THE MAGISTRATE JUDGE'S AUGUST 2, 2018 ORDER (ECF NO. 108)

This matter currently is before the Court on Defendants' Objections to Magistrate Judge Stafford's August 2, 2018 Order on Defendants' Motion to Enforce Protective Order and Cease and Desist from Continued Violation. (ECF No. 108.) Defendants filed their Objections to the Order on August 16, 2018. (ECF No. 113.) Subsequently, Plaintiff filed a Response to the Objections on

August 30, 2018. (ECF No. 116). For the reasons that follow, the Court rejects Defendants' Objections.

**Standard of Review**

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, " 'is left with the definite and firm conviction that a mistake has been committed.' " *Id.* (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

" 'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.' " *Mattox v. Edelman*, No. 12-13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States*, No. 08-12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

The reviewing court "must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994)).

## Procedural Background

On July 30, 2018, Magistrate Judge Stafford held oral argument with respect to Defendants' Motion to Enforce Protective Order and Cease and Desist from Continued Violation. (ECF No. 79.) Defendants sought the Court's intervention in enforcing Plaintiff's compliance with a January 30, 2018 Stipulated Confidentiality Protective Order. (ECF No. 31.) Defendants alleged Plaintiff violated the Order by disclosing confidential discovery materials and transcripts from this litigation. On August 2, 2018, Magistrate Judge Stafford ruled against Defendants and denied their motion. (ECF No. 108.) Subsequently, Defendants filed their Objections on August 16, 2018. (ECF No. 113.) In turn, Plaintiff filed his Response on August 30, 2018. (ECF No. 116.)

## Defendants' Objections

Defendants object to Magistrate Judge Stafford's ruling, arguing she committed clear error by: (1) failing to consider all violations of the Protective Order; (2) misinterpreting the Order; (3) applying a good cause standard in

3

refusing to enforce the Order; (4) interpreting the Order to require parties to mark deposition testimony as confidential; (5) considering emails provided by Plaintiff on the date of the motion hearing that were not attached to Plaintiff's Response; and (6) finding no violation of the Order.

**Analysis**

First, Defendants argue that Magistrate Judge Stafford committed clear error by failing to consider all violations of the Protective Order, specifically Plaintiff's counsel's disclosure of personnel file documents marked as confidential to her other non-party client for use in his ongoing litigation against Defendants. The Court does not agree that Magistrate Judge Stafford failed to consider each of Defendants' allegations against Plaintiff simply because each allegation was not enumerated in her Order. Plaintiff correctly notes that in examining the record of the July 30, 2018 Oral Argument, Magistrate Judge Stafford considered Defendants' potential "intent to shield from the public things . . . the public has a right to know about." (ECF No. 116-10 at Pg ID 7068-71.) Furthermore, Magistrate Judge Stafford stated that Defendants' efforts "to insulate itself or any of its officials . . . would [] be directly contrary to public policy." (*Id*.) Thus, Magistrate Judge Stafford rejected Defendants' allegations, finding that interpreting the Protective Order as Defendants' requested would frustrate

significant public policy concerns.  The Court agrees and, therefore, rejects Defendants' first objection.

Second, Defendants argue that Magistrate Judge Stafford committed clear error by not interpreting the Protective Order according to its "clear and unambiguous language."  Whether ambiguity exists is a question of law for the Court to determine.  *Aqua Grp. LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 820 (E.D. Mich. 2009).  Magistrate Judge Stafford determined that (1) the language in the Protective Order could have different interpretations and (2) that Defendants' interpretation appeared "overly broad" and as a result "not sanctioned by Rule 26." (ECF No. 116-10 at Pg ID 7071.)  The Court is not persuaded by Defendants' argument that the placement of one comma clearly dictates the parties' intent and the ordinary meaning of the language at issue so much so that no other interpretation would be possible.  For this reason, the Court rejects Defendants' second objection.

Third, Defendants argue that Magistrate Judge Stafford committed clear error by applying a good cause standard in refusing to enforce the Protective Order.  Magistrate Judge Stafford did not err in applying a good cause standard. As mentioned above, Magistrate Judge Stafford found that Defendants' interpretation of the Order contradicted established tenets of Rule 26.  In fact, Rule

5

26 states that "[t]he court may, *for good cause*, issue an order to protect" from certain harms that might befall a party from whom discovery is sought. Fed. R. Civ. P. 26(c)(1) (emphasis added). To argue that it is clear error to apply a standard that is entrenched in the very language of the rule permitting protective orders is sorely misguided. Consequently, the Court rejects Defendants' third objection.

Fourth, Defendants argue that Magistrate Judge Stafford committed clear error by interpreting language in the Protective Order to require parties to mark deposition testimony as confidential, rather than interpreting the Order to be deemed "Confidential" without having to orally indicate such on the record. Magistrate Judge Stafford did not err when interpreting the Order to require parties to mark deposition testimony as confidential. Notwithstanding the Order alleviating the need to orally indicate confidentiality designations on the record, the Order can still be read to require parties to mark deposition testimony as confidential. For this reason, the Court rejects Defendants' fourth objection.

Fifth, Defendants argue that Magistrate Judge Stafford committed clear error by finding ambiguity in the language of the Protective Order and considering emails provided by Plaintiff on the date of the hearing that were not attached to Plaintiff's Response and which were already considered by Judge Parker.

Defendants offer no legal authority that supports the contention that Magistrate Judge Stafford could not consider the emails provided by Plaintiff. As discussed previously, Magistrate Judge Stafford determined that the language in the Protective Order could have different interpretations. The Court agrees and, therefore, rejects Defendants' fifth objection.

Finally, Defendants argue that Magistrate Judge Stafford committed clear error by finding no violation of the Protective Order. The Court agrees with Plaintiff that Magistrate Judge Stafford properly applied relevant case law and public policy concerns to find that there was no violation of the Order. Accordingly, the Court rejects Defendants' final objection.

For these reasons, the Court rejects Defendants' Objections to Magistrate Judge Stafford's August 2, 2018 Order.

Accordingly,

**IT IS ORDERED** that Defendants' Objections to Magistrate Judge Stafford's August 2, 2018 Order (ECF No. 113) are **REJECTED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Stafford's August 2, 2018 Order (ECF No. 108) is **AFFIRMED** and Defendants' Motion to Enforce Protective Order and Cease and Desist from Continued Violation (ECF No. 79.) is

**DENIED**.

                                                    s/ Linda V. Parker
                                                    LINDA V. PARKER
                                                    U.S. DISTRICT JUDGE

Dated: October 15, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 15, 2018, by electronic and/or U.S. First Class mail.

                                                    s/ R. Loury
                                                    Case Manager