UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD HAYSE

                 Plaintiff,

v.

CITY OF MELVINDALE, *et al.*,

                 Defendants.

_____/

Civil Action No. 17-cv-13294
Hon.  Linda V. Parker
Mag. Judge Elizabeth A. Stafford

**ORDER GRANTING IN PART AND DENYING IN PART**
**PARTIES' MOTIONS FOR SANCTIONS [ECF NOS. 74, 88]**

The parties having fully briefed separate motions for sanctions [ECF

Nos. 74, 88] and the Court having heard oral arguments from the parties at

a hearing on December 10, 2018, **IT IS HEREBY ORDERED** that each

motion is **GRANTED IN PART AND DENIED IN PART** for the reasons

stated on the record.  Neither party must pay a monetary sanction.  At

defendants' expense, they may re-depose plaintiff and the individual

defendants for the limited purpose of addressing the 925 e-mails and the recordings at issue in defendants' motion for sanctions, ECF No. 88.[1]

The parties are warned that the filing of objections to a magistrate judge's ruling on a non-dispositive motion does not stay the parties' obligations under the order. *See* E.D. Mich. LR 72.2 ("When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.").

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 18, 2018

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of 14 days from the date of receipt of a copy of this order

---

[1] Plaintiff objects that the emails at issue in ECF No. 88 were already in defendant's possession prior to two of the defendants' depositions.  [ECF No. 138-3].  Although plaintiff had argued during the hearing that "the bulk of those e-mails were . . . duplicates of things that defendants had already given us," [ECF No. 138-2, PageID.16175], he did not specify what had been produced, or when, until after the Court ordered on the record that defendants would be permitted to re-depose the parties, limited the "those 925 e-mails and the videos."  [*Id.*, PageID. 16193].  The Court will not reopen the scope of the additional depositions based on evidence submitted after the hearing and after the Court made its ruling.

within which to file objections for consideration by the district judge under

28 U.S.C. § 636(b)(1).